UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL ROLLEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-1114 (CEJ) |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Paul Rollen, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for relief from judgment. Respondent has not filed a response in opposition, and the time allotted to do so has expired.

### I.  Background

Movant is currently incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri. On June 27, 2002, a jury convicted movant of robbery in the first degree, three counts of armed criminal action, and two counts of murder in the second degree. Movant was sentenced to six consecutive life terms of imprisonment. On December 2, 2003, the Missouri Court of Appeals affirmed movant's convictions and sentences. Movant thereafter filed a motion for state post-conviction relief, which was denied, and that denial was affirmed by the Missouri Court of Appeals on February 14, 2006.

On January 25, 2007, movant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he later amended to assert the following grounds for relief: (1) that he was denied due process because his convictions relating to the death of an unborn child were contrary to clearly established federal law; (2) that trial counsel was ineffective in failing to timely object to the trial court's failure to compel

a co-defendant, who had asserted his privilege against self-incrimination, to testify; (3) that appellate counsel was ineffective in failing to raise on direct appeal the trial court's denial of petitioner's right to cross-examine a witness against him; (4) that appellate counsel was ineffective in failing to raise on direct appeal that the prosecutor misled the jury during closing arguments; and (5) that trial counsel was ineffective in failing to challenge the admission of unsworn statements made by petitioner, while the unsworn statements of petitioner's co-defendant were excluded.

The Court adopted the report and recommendation of a magistrate judge and denied the petition, rejecting movant's first four claims on the merits, and finding the fifth to be procedurally defaulted. Rollen v. Dwyer, No. 4:06-CV-1114 (CEJ), 2007 WL 2199676, at *6 (E.D. Mo. July 27, 2007). On February 28, 2008, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability and dismissed his appeal. [Doc. #55].

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, imposes three requirements on a second or successive habeas petition:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005). While Rule 60(b) allows a habeas petitioner to seek relief from final judgment and request reopening of his case, the rule only applies to the extent that it is consistent with the AEDPA. Id. at 529. Therefore,

if the Court determines movant's Rule 60(b) motion to be a second or successive habeas petition, the Court must dismiss it for failure to obtain authorization from the Eighth Circuit Court of Appeals, or alternatively transfer the motion to the Eighth Circuit. United States v. Boyd, 304 F.3d 813, 814 (8th Cir. 2002).

A Rule 60(b) motion is considered a second or successive habeas corpus petition if it contains a "claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a claim if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez, 545 U.S. at 532. In the instant case, movant seeks to assert nine claims of ineffective assistance of post-conviction counsel. None of these claims were presented in movant's original § 2254 petition. Because movant is seeking to add new grounds for relief to his original petition, his Rule 60(b) motion is a second or successive petition under § 2244. Consequently, the motion will be removed from the docket report for this case and will be filed as a new case bearing a new case number.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall remove the motion for relief from judgment [Doc. #59] from the instant case, and file it as a new case with a new case number.

_/s/ Carol E. Jackson_
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.