UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL ROLLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV689 CEJ |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM

This matter is before the Court on the petition of Paul Rollen for a writ of habeas corpus pursuant to 28 U.S.C. ' 2254.

Petitioner is currently incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri. On June 27, 2002, a jury convicted petitioner of robbery in the first degree, three counts of armed criminal action, and two counts of murder in the second degree. Petitioner was sentenced to six consecutive life terms of imprisonment. On December 2, 2003, the Missouri Court of Appeals affirmed petitioner's convictions and sentences. Petitioner thereafter filed a motion for state post-conviction relief. The motion was denied and the denial was affirmed by the Missouri Court of Appeals on February 14, 2006.

On January 25, 2007, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he later amended to assert the following grounds for relief: (1) that he was denied due process because his convictions relating to the death of an unborn child were contrary to clearly established federal law; (2) that trial counsel was ineffective in failing to timely object to the trial court's failure to compel a co-defendant (who had asserted his privilege against self-incrimination) to testify; (3) that appellate counsel was ineffective in failing to raise on direct

appeal the trial court's denial of petitioner's right to cross-examine a witness against him; (4) that appellate counsel was ineffective in failing to raise on direct appeal that the prosecutor misled the jury during closing arguments; and (5) that trial counsel was ineffective in failing to challenge the admission of unsworn statements made by petitioner, while the unsworn statements of petitioner's co-defendant were excluded.

The Court, adopting the report and recommendation of a magistrate judge, denied the petition. The Court rejected grounds one through four on the merits and found ground five to be procedurally defaulted. Rollen v. Dwyer, No. 4:06-CV-1114 (CEJ), 2007 WL 2199676, at *6 (E.D. Mo. July 27, 2007). On February 28, 2008, the United States Court of Appeals for the Eighth Circuit denied petitioner's application for a certificate of appealability and dismissed his appeal. [Doc. #55].

Rule 4 of the Rules Governing ' 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a ' 2254 petition if it plainly appears that the petitioner is not entitled to relief. Because the court finds that the petition is successive, it will be summarily dismissed.

In the instant case, petitioner seeks to assert nine claims of ineffective assistance of post-conviction counsel. None of these claims were presented in petitioner's original § 2254 petition. Petitioner originally filed the instant petition as a Rule 60 motion in the closed habeas action. However, the Court found that it should be construed as a successive habeas action and ordered that it be filed as a new case.

Before bringing new claims for habeas relief in this Court, petitioner must obtain leave from the United States Court of Appeals to file a successive petition. See 28 U.S.C.

2

′ 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is successive. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. ′ 2253(c).

An order of dismissal will be entered separately.

Dated this 9th day of May, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE